**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10574 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00407-KJM-1 |
| v. | |
| ERWIN SHANE STAMPER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted January 15, 2015[**]
San Francisco, California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and ADELMAN, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

Erwin Stamper appeals his jury conviction for conspiracy to commit an assault resulting in serious bodily injury, in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I

Sufficient evidence supports Stamper's conviction for conspiracy to commit an assault resulting in serious bodily injury. Such evidence demonstrated that Stamper spent a majority of his recreation time with his fellow assailants, that the attackers lulled the victim and the on-site guard into a false sense of security, that the attackers ensured that their handcuffs were removed before the victim's, and that the attack started without any verbal signal. Viewing the evidence in the light most favorable to the prosecution, a rational juror could have found the existence of a conspiratorial agreement beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).

II

The district court did not abuse its discretion in using jury instructions that mirrored the Ninth Circuit's model instructions. The jury instructions properly required that the jury find that the overt act was committed for "the purpose of carrying out the conspiracy." Such language naturally requires that the conspiratorial agreement exist before the overt act occurred.

**AFFIRMED.**